UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRINITY B.

               Plaintiff,

v.                                      1:20-CV-1036
                                      (WBC)
COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      KENNETH HILLER, ESQ.
  Counsel for Plaintiff                          JEANNE MURRAY, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.             OONA PETERSON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented, in accordance with a Standing Order, to proceed before

the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to

42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

## I.    RELEVANT BACKGROUND

#### A.    Factual Background

Plaintiff was born in 2002.  (T. 76.)  She was a school-aged child on the date of application, an adolescent at the time of hearing, and is now an adult.  (T. 13.) Generally, Plaintiff's alleged disability consists of auditory processing disorder and attention deficit hyperactivity disorder ("ADHD"), post-concussion syndrome, and low back pain.  (T. 77-78.)  Her alleged disability onset date is October 9, 2008.  (T. 76.)

#### B.    Procedural History

On October 30, 2014, Plaintiff's parent applied for Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act on Plaintiff's behalf.  (T. 76.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On August 22, 2019, Plaintiff appeared before the ALJ, Timothy M. McGuan.  (T. 43-75.)  On September 25, 2019, ALJ McGuan issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 7-32.)  On June 23, 2020, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

#### C.    The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law.  (T. 13-27.)  First, the ALJ found Plaintiff was a school-age child on the date of application and an adolescent at the time of the hearing.  (T. 13.)  Second, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 30, 2014.  (*Id.*)  Third, the ALJ found Plaintiff had the severe impairments of auditory processing disorder; ADHD; learning disorder; post-concussion syndrome; and

headaches.  (*Id.*)  Fourth, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id.*)  Fifth, the ALJ found Plaintiff did not have an impairment or combination of impairments that functionally equaled the severity of the listings.  (T. 14.) Lastly, the ALJ concluded Plaintiff had not been disabled since October 30, 2014.  (T. 27.)

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings.  Plaintiff argues the ALJ's determination that Plaintiff did not functionally equal the listings was not based on substantial evidence.  (Dkt. No. 13 at 13-26.) Plaintiff also filed a reply in which she deemed no reply necessary.  (Dkt. No. 15.)

### B.    Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues substantial evidence supports the ALJ's decision.  (Dkt. No. 14 at 6-8.)  Second, and lastly, Defendant argues the ALJ properly evaluated the opinion evidence, and his assessments of domains is supported by substantial evidence.  (*Id.* at 8-18.)

## III.   RELEVANT LEGAL STANDARD

### B.    Standard of Review

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The "substantial evidence" standard "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct.

1148, 1154 (2019).  "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard."  *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In particular, it requires deference "to the Commissioner's resolution of conflicting evidence."  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). It is not the Court's "function to determine *de novo* whether a plaintiff is disabled." *Brault,* 683 F.3d. at 447.  "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted).  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld."  *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.' " *Brault,* 683 F.3d at 448.  The Court "require[s] that the crucial factors in any determination be set forth with sufficient specificity to enable [the reviewing Court] to decide whether the determination is supported by substantial evidence."  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (alterations and internal quotation marks omitted).

### C.    Standard to Determine Disability

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(C)(i).  The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act.  *See* 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity.  20 C.F.R. § 416.924(b).  If so, the child is not disabled.  *Id.*  If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe."  *Id.* § 416.924(c).  If the child does not have a severe impairment(s), he or she is not disabled.  *Id.*  If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings"). *Id.* § 416.924(d).  In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being.  *Id.* § 416.926a(b)(1)(i)-(vi).  To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain.  *Id.* § 416.926a(a).  A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(2).  A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally

equals the Listings, and the impairment(s) meets the Act's duration requirement, the

ALJ will find the child disabled.  20 C.F.R. § 416.924(d).

## IV.   ANALYSIS

Plaintiff argues the ALJ erroneously determination she had less than marked

limitations in the domains of acquiring and using information and attending and

completing tasks based on a cherry-picking and mischaracterization of the record.  (Dkt.

No. 13 at 13.)[1]  Plaintiff does not dispute the ALJ's findings with respect to the domains

of interacting and relating with others, moving about and manipulating objects, caring for

herself, or health and physical well-being; therefore, only the relevant evidence will be

discussed.

In the domain of acquiring and using information, the ALJ considers how well the

child acquires or learns information and how well they use the information they have

learned.  20 C.F.R. § 416.926a (g)(1).  A school-age child "should be able to learn to

read, write, and do math, and discuss history and science."  *Id.* § 416.926a(g)(2)(iv).

The child demonstrates what they have learned in academic situations by "reading

about various subjects and producing oral and written projects, solving mathematical

problems, taking achievement tests, doing group work, and entering into class

discussions."  *Id.*  The child uses the skills in daily living and the community by, for

example, "reading street signs, telling time, and making change."  *Id.*  A school-age

---

[1]     *Marked limitation.* (i) We will find that you have a "marked" limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.  20 C.F.R. § 416.926a(e)(2).

child should also be able "to use increasingly complex language (vocabulary and grammar) to share information and ideas with individuals or groups, by asking questions and expressing [their] own ideas, and by understanding and responding to the opinions of others."  *Id.*  Adolescents should continue to demonstrate their learning in academic assignments such as "composition, classroom discussion, and laboratory experiments" and in independent daily living, e.g., by "going to the store, using the library, and using public transportation."  *Id.* § 416.926a (g)(2)(v).  An adolescent should also "apply these skills in practical ways that will help [them] enter the workplace after [they] finish school (e.g., carrying out instructions, preparing a job application, or being interviewed by a potential employer)."  *Id.*

In this domain, Plaintiff argues the ALJ's rejection of the State agency medical consultant's opined marked limitation, but acceptance of his lesser limitations, "smacks of cherry-picking as he picked and chose what evidence in the record supported his conclusions and ignored conflicting evidence from the same source."  (Dkt. No. 13 at 15.)  Contrary to Plaintiff's assertion, an ALJ does not have to strictly adhere to the entirety of one medical source's opinion.  *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").  Here, the ALJ adequately explained his reasoning for not adopting the doctor's opined "marked limitation" and substantial evidence supported the ALJ's determinations in the domains.

On March 12, 2015, State agency medical consultant, Dr. J. Sharif-Najafi, reviewed Plaintiff's file as it existed on that date and opined Plaintiff had a marked limitation in acquiring and using information; less than marked limitations in attending and completing tasks, interacting and relating with others, caring for herself, and health and physical well-being; and no limitations in moving about and manipulating objects. (T. 82-86.)  In the domain of acquiring and using information, the doctor considered evidence that Plaintiff was in a 15:1 classroom, and despite being in the 6th grade she had an instructional level of 4th grade.  (T. 83.)  The doctor also relied on a 2015 teacher questionnaire indicating Plaintiff had "a serious problem" in the activities of: understanding school and content vocabulary; reading and comprehending written material; comprehending and doing math problems; expressing ideas in written form; learning new material; recalling and applying previously learned material; and applying problem-solving skills in class discussion.  (T. 83, 196.)

The ALJ afforded Dr. Sharif-Najafi's opinion "partial weight."  (T. 20.)  The ALJ reasoned the opinion was "generally supported by and consistent with" the opinions of consultative examiner Adam Brownfeld, Ph.D., consultative examiner Samuel Balderman, M.D., and teacher questionnaires.  (*Id*.)  The ALJ concluded the doctor's opined marked limitation in attending and completing tasks was not supported by Plaintiff's individual education plans ("IEPs"), Dr. Louise Ferretti's records, and Dr. Brownfeld's objective examinations.  (*Id*.)

Although the ALJ did not adopt all of the doctor's opined limitations, the ALJ provided sufficient analysis to support his determination.  As outlined further herein, substantial evidence supported the ALJ's determination that Plaintiff had less than

marked limitation in the domain of acquiring and using information.  Therefore, Plaintiff's argument, that the ALJ impermissibly cherry-picked Dr. Sharif-Najafi's opinion, fails.

Next, Plaintiff argues the ALJ mischaracterized evidence provided in Plaintiff's IEPs because the evidence provided in the IEPs supports a finding of marked limitation. (Dkt. No. 13 at 16-19.)  First, a review of the record and the ALJ's determination does not support Plaintiff's contention that the ALJ mischaracterized IEP evidence.  The ALJ acknowledged that Plaintiff's IEPs consistently showed she was below average in reading, writing, and math, and that she required the use of a calculator and graphic organizer.  (T. 15, 182-191, 265-309, 315-333, 368-379.)  The ALJ further discussed cognitive assessments suggested borderline functioning, and short-term working memory was her most significant weakness, suggesting she would benefit from repetition in the classroom and pre-exposure to unfamiliar concepts. (T. 15.)  The ALJ noted Plaintiff's IEPs showed she required multiple accommodations, including extended time, special seating to assist in focusing, simplified directions, tests read, and modified instructional presentation.  (T. 15-16, 186, 303, 339.)  The ALJ also considered Plaintiff's most recent IEP, from 2019, which reflected that she was administered the Wechsler Adult Intelligence Scale IV on November 1, 2018, on which she scored a full-scale IQ of 87, which was classified as low average, and she scored low average in perceptual reasoning, verbal comprehension, and working memory.  (T. 16, 336.)  Her processing speed was average, and she used a calculator for math and a graphic organizer for writing.  (T. 16, 336-337.)  Therefore, the ALJ did not mischaracterize the information provided in Plaintiff's IEPs.  *See Makeda T. v. Comm'r of Soc. Sec.,* No. 6:20-CV-06867, 2022 WL 4462237, at *6 (W.D.N.Y. Sept. 26, 2022) (plaintiff may

disagree with the ALJ's characterization of evidence, however, ALJ properly recited evidence in the record and ALJ's recitation of evidence did not amount to an improper mischaracterization).

Second, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault,* 683 F.3d at 448.

Plaintiff asserts her ability to solve math with a calculator, strong reading comprehension skills, and her ability to write simple sentences do not support a less than marked finding in this domain. (Dkt. No. 13 at 17.) Although the ALJ cited this evidence in support of his determination in this domain, the ALJ did not rely on this limited information alone. As outlined herein, the ALJ properly considered the information presented in the IEPs. The ALJ's explicit discussion of Plaintiff's IEPs "constitutes sufficient consideration of the additional supports [plaintiff] received and does not undermine the ALJ's determination that [plaintiff] had less than marked limitations in [acquiring and using information] functional domain." *Tammy S. o/b/o/ A.L.S. v. Comm'r of Soc. Sec.*, No. 1:20-CV-931, 2022 WL 1488431, at *11 (W.D.N.Y. May 11, 2022); *see Zoe R. on behalf of Y.N.P. v. Comm'r of Soc. Sec.*, 2021 WL 3270505, at *2–3 (W.D.N.Y. July 30, 2021) (finding an ALJ adequately considered the

supportive services a child was receiving where he "recognized the child was subject to an [IEP], and behavioral plan and received school counseling ... and recognized that the child was unable to achieve IEP goals without a considerable amount of consistent adult support," and upheld the determination that the child had a less than marked limitation in acquiring and using information).

In addition to the IEPs, the ALJ also relied on Dr. Brownfeld's examination and opinion.  (T. 19-20.)  Dr. Brownfeld examined Plaintiff and concluded she had "no evidence of limitation" in many areas, including "in attending, following, and understanding age-appropriate directions, completing age-appropriate tasks," and that she was "moderately limited in responding appropriately to changes in the environment and learning in accordance to cognitive functioning."  (T. 556.)  The ALJ relied on records from Robert Warner Rehab, Main Pediatrics and Dr. Ferretti.  (T. 17-19.)

Indeed, the ALJ relied on records indicating Plaintiff had made good progress in school in the smaller classroom, that her ADHD type behaviors were improved, and that no medication was suggested.  (T. 16-17, 528.)  Although Plaintiff reported headaches, staring spells, and said she needed help staying organized, her examination was generally unremarkable, and she was referred for an EEG, which was normal.  (T. 17, 534-535, 537, 670.)   The ALJ considered testing conducted by Dr. Ferretti in November 2018, in which Plaintiff and her parents expressed concern about Plaintiff's limited academic progress, difficulty retaining information, frequent need for repetition, headaches twice a week, fatigue, and dizziness.  (T. 18, 579-580.)

The ALJ noted testing showed she had typical functioning for her age in many areas of cognitive skills, although it was more variable on timed tasks in the areas of

visual attention/processing and verbal fluency, and she had significant skill delays in other areas such as auditory memory, visual perception, visual analysis/rotation and visual-spatial reasoning.  (T. 18, 583-584.)  Overall, the ALJ considered Dr. Ferretti's report and determined that the limitations it showed, including moderate neurobehavioral compromise and the need for educational accommodations, warranted a finding of less than marked limitations in attending and completing tasks and acquiring and using information. Tr. 19.

The ALJ also considered the opinion of Plaintiff's teacher, Mr. Christopher Kornow, which was dated January 29, 2015, and which indicated Mr. Kornow had known Plaintiff for six months.  (T. 19, 195-202.)  The ALJ considered the opinion was authored by a teacher who interacted with Plaintiff daily for six months and gave it great weight, noting the limitations were generally supported by the longitudinal medical and IEP evidence.  (T. 19, 195-202.)  The ALJ further relied on Plaintiff's reported activities such as cheerleading, photography, and ability to perform household chores.  (T. 16, 336.)  Although Plaintiff asserts the evidence cited by the ALJ was cherry-picked and that evidence supports greater limitations, a review of the record indicated the ALJ properly characterized the evidence and Plaintiff fails to show no reasonable fact finder could have reached the ALJ's determination.  Therefore, Plaintiff's argument fails.

The ALJ considered the record as a whole and properly resolved conflicts in the evidence, as was his duty.  *Veino*, 312 F.3d at 588; *see Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record"); *see also Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("In our review, we defer to the Commissioner's resolution of conflicting

evidence.").  "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusions must be upheld."  *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).

In addition, Plaintiff argues the ALJ erroneously determined she had less than marked limitation in the domain of attending and completing tasks for the same reasons he erred in determining less than marked limitations in the domain of acquiring and using information.  (Dkt. No. 13 at 13-26.)  In the domain of attending and completing tasks, the ALJ will "consider how well [plaintiff is] able to focus and maintain [her] attention, and how well [she] begin, carry through, and finish [her] activities, including the pace at which [she] perform[s] activities and the ease with which [she] change[s] them."  20 C.F.R. 416.926a(h).  School-age children should be able to focus attention to follow directions, remember and organize school materials, and complete work.  *Id.* § 416.926a(h)(2)(iv). Adolescents should be able to pay attention to increasingly longer presentations and discussions, maintain concentration while reading textbooks, and independently plan and complete long-range academic projects.  *Id.* § 416.926a(h)(2)(v).  For adolescents, limitations in this domain include, among other things, being easily startled, distracted, or overreactive to sounds, sights, movements or touch, being slow to focus on or failing to complete activities of interest, and being repeatedly sidetracked from activities.  *Id.* § 416.926a(h)(3).  However, the presence of such limitations do not necessarily prove a "marked" or "extreme" limitation is present. *Id.*

The ALJ determined Plaintiff had less than marked limitation in the domain of attending and completing tasks.  (T. 23.)  The ALJ relied on Plaintiff's IEPs, her

activities of daily living, examination findings from the Robert Warner Rehabilitation Center, Dr. Ferretti's examinations, the opinion of Dr. Brownfeld, Mr. Kornow's questionnaire, and Dr. Sharif-Najafi's opinion.  (*Id.*)  For the reasons outlined already herein, the ALJ properly assessed the evidence in the record.  Plaintiff has not met her burden of proving she was further limited than the ALJ found.  While Plaintiff may disagree with the ALJ's conclusion, Plaintiff's burden is to show that no reasonable factfinder could have agreed with the ALJ's conclusions, which she has failed to do.

The substantial evidence standard is "a very deferential standard of review – even more so than the 'clearly erroneous' standard," and the Commissioner's findings of fact must be upheld unless "a reasonable factfinder would *have to conclude* otherwise." *Brault,* 683 F.3d at 448 (emphasis in the original).  As the Supreme Court explained in *Biestek v. Berryhill*, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The question is not whether there is evidence to support disability; it is whether there is "more than a scintilla" of evidence supporting the ALJ's decision. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).  As explained above, there is such evidence here. Accordingly, the Court finds no error in the ALJ's determination Plaintiff is not disabled.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:        December 28, 2022

William B. Mitchell Carter
U.S. Magistrate Judge